Walter B. Hart, J.
In this action for a declaratory judgment and partition, plaintiff claims to be the Avidow of the deceased; that the conveyance of the real property purporting to create *586 a tenancy by the entirety between the decedent and defendant ‘ ‘ his wife ’ in effect created a tenancy in common, since plaintiff’s marriage antedated defendant’s by a great number of years.
In opposition to the instant motion for summary judgment, defendant asserts. she was married in a civil ceremony to decedent on July 19, 1945 after he had obtained a divorce in Kings County on June 22, 1945 from one Marion Williams; that from that marriage there were 4 children, the oldest of whom is 31 years of age; that these children resided with defendant and the decedent until they reached their majority; that neither the children nor she knew of plaintiff’s existence or her claims until after the decedent’s death.
To grant the instant motion would in effect hold that decedent’s marriage to Marion Williams was void and that the issue of that marriage were illegitimate. This may not be done summarily on motion. As was recently stated by the Appellate Division (2d Dept.) in Apelbaum v. Apelbaum (7 A D 2d 911): “ The presumptions favoring validity of marriages and legitimacy of children are so strong as to eclipse the presumption that might otherwise protect the validity and subsistence of a prior marriage of one or another of the parties and to place upon the party who seeks to rebut these presumptions the burden of proving that the prior marriage or marriages were valid and not terminated prior to the marriage in" question, even though this might require the proof of a negative.”
The principle reflected in that decision is further succinctly expressed in Richardson on Evidence (8th ed., § 63) as follows: ‘ ‘ Where persons live and cohabit as husband and wife and are reputed to be such, a presumption arises that they have been legally married, and this presumption, especially in a case involving legitimacy, can be repelled only by the most cogent and satisfactory evidence.”
Accordingly, plaintiff’s motion for summary judgment is denied.
Submit order.